### DANIEL O. JONES et al. *v.* OZIAH LEWIS et al.

1. ATTALA COUNTY: LOCAL ACT OF 1858, FOR REINSTATEMENT OF JUDGMENTS. —In a proceeding under the local Act of 1858 (Session Laws, 101), authorizing the reinstatement of judgments in the Circuit Court of Attala county, where the original had been destroyed, service of notice of the motion to reinstate, may be made by a constable, or any private citizen, and an *ex parte* affidavit

Jones et al. *v.* Lewis et al.

of the person serving it, may be read in evidence to prove the serving, or the serving may be proven by any other satisfactory evidence.

2. SAME.—To entitle a party to a reinstatement of his judgment, under the local Act of 1858 (Session Laws, 101), it is not necessary that he should prove the contents of the entire record destroyed.

3. HIGH COURT: PRACTICE: WHEN RECORD MUST CONTAIN ALL THE EVIDENCE.—This court will not notice an assignment of error, that the judgment of the court below is for too large an amount, unless all the evidence on which the court below acted, be contained in the record.

ERROR to the Circuit Court of Attala county.   Hon. E. G. Henry, judge.

This was a motion by defendant in error, to reinstate a judgment on a forthcoming bond, against D. O. Jones, principal, and the other defendants, sureties, under the provisions of the 5th section of the Act, passed 3d December, 1858, to remedy the evils arising from the burning of the court-house in Attala county, with the public records therein contained.

The said 5th section provides: " That it shall be lawful for any plaintiff in any judgment, or the complainant in any decree, which said judgment or decree was destroyed by the consuming of said court-house, to proceed by motion, upon giving the defendant five days notice, either in the Circuit or Chancery Court of said county, to reinstate his judgment or decree, at the first term of said court, to which said motion shall be made. . . . . And upon the trial of said motion, it shall be lawful for the court, should it be of opinion that said judgment or decree ought to be re-established, to order and direct that the said judgment or decree be reinstated, and the lien of said judgment or decree shall relate back, and be in force from the date of the original," &c.

The notice in this case, was directed to the defendants in the original judgment on the forthcoming bond.  The proof of the service of the notice was an *ex parte* affidavit, before a justice of the peace, of one Simmons, a constable, by whom the service was made. Objection was made to the sufficiency of the proof of service, but overruled.  The plaintiff proved by one of the defendants, that notice had been served on him, and that he had heard another one of the defendants admit that it had been served on him, but had

not heard the other defendant say anything on the subject.　To this evidence the defendants also objected.　The plaintiff proved, by John A. Jackson, that a suit was brought to the March term, A. D. 1855, of said court, against the defendant, D. O. Jones, and judgment was recovered at the next September term, for about $800 or $900; that it may have been for more or less, he could not tell precisely.　To this evidence the defendants objected, on the ground that said evidence was not pertinent to the issue; and on the further ground, that " it was incompetent to prove the cause of action, unless the proper papers were filed to which the parol evidence could be applicable; and the defendants insisted that the entire records of the original judgment must be supplied, otherwise the parol proof could not be admitted, or the judgment reinstated."　This objection was also overruled.

There were three bills of exception taken to the rulings of the court, but they did not purport to set out all the evidence.

The court reinstated the judgment for $1434.　From this judgment the defendants sued out this writ of error, and assigned errors as follows : 1st. The admission in the court below of the affidavit of Simmons, as evidence of the service of the notice.　2d. The admission of the testimony of D. O. Jones, that he heard J. L. Jones acknowledge service of said notice.　3d. The admission of the testimony of Jackson.　4th. The reinstatement of the judgment.　5th. That the judgment was reinstated for too large an amount.

*Nye* and *Hill*, for plaintiff in error.

*J. A. P. Campbell*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

This cause originated in a motion in the court below, to reinstate a judgment alleged to have been lost by the destruction of the court-house of Attala county by fire.　The proceeding was instituted under the special provisions of the Act of the Legislature of 1858.　Testimony was submitted to the court tending to establish the existence of the judgment originally, and the loss of the record thereof by fire, and judgment was rendered by the court sustaining

Jones et al. *v.* Lewis et al.

said motion. From this judgment, on said motion, a writ of error is prosecuted.

The first assignment of error, relates to the proof of the service of notice on the defendants in said judgment, required by the act. The act simply requires the service of notice five days before the motion, without prescribing how or by whom it shall be served. In this case the notice was served by a constable, who filed his affidavit in court with the notice, showing how he had served it. The objection made is, that the notice should have been served by an officer. We think proof of service by any one, whether an officer or a private individual, was sufficient. All that the act designed was, that the court should be informed that the defendants had been notified fully of the proceedings against them, so that they might resist the motion if they desired to do so. This object was as fully accomplished by the notice in this case, as it could have been by service by the sheriff. We think, therefore, there was no error in this respect. This disposes of the second ground of error, which relates also to the sufficiency of the proof of service of the notice.

The third ground of error is, that the court erred in admitting the testimony of Jackson, the clerk of the court, as to the cause of action on which the judgment was founded, unless the entire record was supplied, and all the papers connected with the original judgment.

To this it is sufficient to say, that the Legislature have not so required; and we cannot require more than the act, under which this proceeding was had, has directed.

The last error assigned, which it is material to notice, is, that the judgment was reinstated for too large an amount.

The record does not purport to set out all the testimony in the cause; and we are unable, therefore, to consider this assignment.

Let the judgment be affirmed.